IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| KIMBERLY CHESIN, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 2:22-CV-077-RWS |
| | ) |
| v. | ) |
| | ) JURY TRIAL REQUESTED |
| ALL PETS EMERGENCY & | ) |
| REFERRAL CENTER, P.C., | ) |
| | ) |
| Defendant. | |

## COMPLAINT

**COMES NOW** Kimberly Chesin ("Plaintiff" or "Ms. Chesin"), by and through the undersigned counsel of record, to hereby file this Complaint against All Pets Emergency & Referral Center, P.C. ("Defendant" or "All Pets") as follows:

### I. JURISDICTION & VENUE

1. Ms. Chesin files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 as an action arising under the laws of the Unites States of America, the Families First Coronavirus Response Act ("FFCRA") and the Emergency Paid Sick Leave Act ("EPSLA"), 29 C.F.R. § 826.150(a), through the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 215(a)(3). *See* FFCRA, Pub. L. No. 116-127, §1505 (2020); *see also Koefler v. Sayde Steeves Cleaning Serv.*, 2020 WL 5016902 (M.D.

1

Fla. 2020) (holding that "[a]lthough the FLSA and FFCRA are different statutes, retaliation for asserting rights under the FFCRA violates the FLSA.").

2. The FFCRA took effect on April 1, 2020 and created the EPSLA to protect employees adversely affected by COVID-19. Under the EPSLA, employers are prohibited from discharging, disciplining, or discriminating against any employee because such employee took paid sick leave under the EPSLA. 29 C.F.R. § 826.150(a). Employees are eligible for paid sick leave under the EPSLA if the employee is advised by a health care provider to quarantine for a reason related to COVID-19. While the mandatory leave provisions of the FFCRA expired on December 31, 2020, the protected activity Ms. Chesin engaged in occurred before the expiration date.

3. Venue is proper in the Gainesville Division of the Northern District of Georgia, since the alleged discriminatory actions of Defendant occurred in Forsyth County, Georgia.

4. The Defendant may be served through its registered agent Randall J. Itkin at 6460 Highway 9 North, Alpharetta, GA 30004.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of the State of Georgia. Mrs. Chesin is over the age of eighteen (18) years old.

6. Defendant owns and operates an emergency veterinarian service located in Forsyth County, Georgia. At all times relevant to this complaint, Plaintiff was employed by Defendant.

### III. STATEMENT OF FACTS

7. Ms. Chesin was hired by All Pets in July 2019 as a receptionist. Upon her hire at All Pets, Ms. Chesin typically worked Monday, Tuesday, and Wednesday nights and Saturdays during the day.

8. On March 29, 2020, Ms. Chesin became ill with a headache and fever. On March 30, 2020, Ms. Chesin contacted All Pets about her symptoms and was instructed not to come to work. Ms. Chesin suspected she had contracted COVID-19.

9. On or about April 2, 2020, Ms. Chesin attended a virtual appointment with her physician. After her appointment, Ms. Chesin contacted All Pets to inform her employer that she was instructed by her physician to quarantine. Accordingly, Ms. Chesin was out of work in quarantine for approximately two (2) weeks.

10. During this time, Cari Schuler, hospital manager, contacted Ms. Chesin and told her to come in to work because she only "had a bad cold." Ms. Chesin responded that she was under doctor's orders to quarantine and was not comfortable coming to work and potentially exposing others to COVID-19.

11. Prior to entering quarantine, Ms. Chesin was made fun of for wearing a mask and was told by co-worker, Erica Gaskin, a technician at All Pets, that masks do not work. In addition, Dr. Randy Itkin, All Pets' owner, and Ms. Schuler were both against instituting COVID-19 safety protocols, including wearing masks and other preventative measures, at All Pets.

12. Ms. Schuler often made snide remarks regarding COVID-19 preventative measures and ridiculed Ms. Chesin for wearing a mask. On one occasion, a doctor was sent home for trying to implement COVID-19 safety protocols.

13. On or about April 13, 2020, Ms. Chesin returned to work.

14. On or about April 18, 2020, Ms. Chesin reported back to work and noticed a new employee working at her workstation. Ms. Chesin was also given a new schedule that drastically cut her working hours. Ms. Gaskin asked Ms. Chesin what she was doing there, and Ms. Chesin responded that she was on the schedule. Ms. Gaskin responded that she was not and instructed Ms. Chesin to contact Ms. Schuler.

15. Ms. Chesin contacted Ms. Schuler to ask about the schedule and Ms. Schuler chided Ms. Chesin to watch the tone of her voice. Ms. Schuler then instructed Ms. Chesin to go home and return to work on Monday. On Monday, April

20, 2020, Ms. Chesin returned to work and was informed by Ms. Schuler that "this was not working" and instructed Ms. Chesin to leave. As a result, Ms. Chesin was terminated from her employment with All Pets.

16. Based on the foregoing, All Pets subjected Ms. Chesin to illegal retaliation when it terminated her for taking leave under the EPSLA.

17. As a result of All Pets' actions, Ms. Chesin has been damaged and incurred costs and attorney's fees.

## IV.  PLAINTIFF'S CAUSE OF ACTION

### RETALIATION UNDER THE EPSLA THROUGH THE FLSA

18. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 17 above, the same as if more fully set forth herein.

19. Under the EPSLA, employees are eligible for paid sick leave if the employee is advised by a health care provider to quarantine for a reason related to COVID-19.

20. Employers are prohibited from discharging, disciplining, or discriminating against any employee because an employee took sick leave under the EPSLA.

21. Ms. Chesin exercised her statutory rights by taking sick leave she was entitled to under the EPSLA because she was instructed by her physician to

quarantine. By taking said leave, Ms. Chesin engaged in a statutorily protected activity under the EPSLA.

22. All Pets terminated Ms. Chesin's employment approximately one (1) week after she returned from taking leave under the EPSLA.

23. A causal connection exists between Ms. Chesin's statutorily protected activity and All Pets' decision to terminate her from her employment at All Pets.

24. Any other proffered reason for Ms. Chesin's termination is pretextual.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully requests that this Court:

A) Enter a judgment declaring that the Defendant has willfully, intentionally and wrongfully violated its statutory obligations and deprived the Plaintiff of her entitlement under the EPSLA;

B) Award the Plaintiff monetary damages in the form compensation and liquidated damages equal to her unpaid compensation, plus interest;

C) Award Plaintiff her reasonable attorneys' fees, costs and expenses, to be paid by the Defendant; and

D) Grant such other relief as may be just and proper.

## V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this the 18th day of April 2022.

                HKM Employment Attorneys LLP

                *s/ Jermaine A. Walker*
                Jermaine "Jay" A. Walker
                *s/ Chase Estes*
                Chase Estes
                3355 Lenox Rd. NE, Suite 705
                Atlanta, GA 30326
                jwalker@hkm.com
                404-301-4020
                cestes@hkm.com
                205-855-5284